UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
OCT 16 2007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PAUL SCHILF and CYNTHIA SCHILF, as special administrators for the ESTATE OF PETER RAYMOND SCHILF, Deceased, and PAUL SCHILF and CYNTHIA SCHILF, individually, | * * * * * * * | CIV 07-4015 |
| Plaintiffs, | * * | MEMORANDUM OPINION AND ORDER |
| vs. | * * | |
| ELI LILLY AND COMPANY, | * * | |
| Defendant. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Plaintiffs' Motion for Leave to File Amended Complaint, doc. 24 and Plaintiffs' Motion for Partial Summary Judgment, doc. 42. Defendant resists both motions and has filed a separate Motion for Summary Judgment, doc. 25, and Motion to Stay Discovery Pending Ruling on Summary Judgment Motion, doc. 32. For the following reasons, Plaintiffs will be allowed to file the Amended Complaint as proposed and the other motions will be denied as moot.

### BACKGROUND

Plaintiffs Paul and Cynthia Schilf ("Plaintiffs") allege that their son, Peter Schilf ("Decedent"), committed suicide as a result of taking the antidepressant medication, Cymbalta, manufactured by Defendant Eli Lilly and Company ("Lilly"). Plaintiffs filed their original Complaint and Demand for Jury Trial on January 17, 2006 in the Circuit Court of Minnehaha County, South Dakota, naming Lilly and the prescribing doctor, Richard Briggs, M.D., as defendants. Some discovery was completed and Lilly filed a motion for summary judgment while the case was pending in state court. There was a lull in the state proceedings for a time because Plaintiffs were not sure they wanted to continue with the litigation, and Plaintiffs never responded

to Lilly's motion for summary judgment in state court. Pursuant to a stipulation signed by the parties, Dr. Briggs was dismissed from the action on January 29, 2007. Dr. Briggs' dismissal created diversity between the parties, and Lilly filed its Notice of Removal to this Court on February 8, 2007. Counsel for Plaintiffs filed a Motion to Withdraw as Counsel of Record on March 5, 2007, and that motion was granted by this Court on April 24, 2007. Plaintiffs' substitute counsel entered an appearance on June 6, 2007. On August 10, 2007, the Court issued an Order for Form 35 Report and Scheduling Information. Plaintiffs filed their request to amend the Complaint on August 27, 2007 and Lilly filed its motion for summary judgment on August 28, 2007.

The proposed amended complaint alleges four new causes of action against Lilly and adds a new defendant. The new defendant is Quintiles Transnational Corporation, which is Lilly's comarketing "strategic partner" for Cymbalta. The new claims against Lilly are for negligence, misrepresentation, deceit and breach of warranty.[1] Lilly asserts that Plaintiffs should not be allowed to amend their complaint at this late date. According to Lilly, Plaintiffs have delayed a ruling on Lilly's motion for summary judgment long enough, and Lilly wants a ruling from the Court on its motion. Lilly also wants the Court to stay discovery pending a ruling on the motion for summary judgment. Plaintiffs claim that additional discovery is necessary to oppose Lilly's motion for summary judgment.

## DISCUSSION

"The Federal Rules of Civil Procedure liberally permit amendments to pleadings." *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *see also* Fed. R. Civ. P. 15(a). Leave to amend should normally be granted absent good reasons to the contrary. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "A district court can refuse to grant leave to amend a pleading only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

---

[1] The Complaint filed in state court alleged only strict liability for failure to warn.

2

undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dennis*, 207 F.3d at 525 (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Lilly does not assert that Plaintiffs are acting in bad faith, have a dilatory motive or have repeatedly failed to cure deficiencies by previous amendments. There is no allegation that Lilly will be unduly prejudiced or that the amendment would be futile. Simply put, Lilly is frustrated by delays in this case and believes that enough discovery has been completed for a ruling to be made on its motion for summary judgment which is based on the "learned intermediary" defense.[2] The Court acknowledges that there have been some delays by Plaintiffs, but the Rule 56(f) Affidavit of Counsel for Plaintiffs convinces the Court that they have diligently pursued their claims since the case was removed to this Court. The Court finds that justice requires leave to amend the Complaint.

In the Rule 56(f) Affidavit, Plaintiffs' counsel sets forth the additional discovery he believes is necessary prior to fully responding to Lilly's motion for summary judgment. Based on his review of Dr. Briggs' deposition testimony, counsel believes that Dr. Briggs was not adequately warned about the risks of Cymbalta. Counsel requests a deposition of Lilly's sales representative and some paper discovery. Counsel has demonstrated how the additional discovery may lead to genuine issues of material fact, and discovery will be allowed. The parties may renew their motions for summary judgment, if appropriate, after completion of discovery and in accordance with the Court's Rule 16 Scheduling Order. If the motions are renewed, the parties shall not re-file any documents already filed in conjunction with the present motions for summary judgment. Accordingly,

IT IS ORDERED:

1. That the Plaintiffs' Motion for Leave to File Amended Complaint, doc. 24, is granted, and the Plaintiffs may file the Amended Complaint as proposed, but with Quintiles Transnational Corporation named as a defendant in the heading;

---

[2]The learned intermediary doctrine requires the manufacturer of pharmaceutical products to give legally adequate warnings only to the prescribing doctors and not to the consumer. *See, e.g., Freeman v. Hoffman-La Roche, Inc.*, 618 N.W.2d 827, 841 (Neb. 2000).

3

2. That the other pending motions, docs. 25, 32 and 42, are denied as moot.

3. That from the date of the entry of this Order, the caption in this case shall be as follows:

PAUL SCHILF and CYNTHIA SCHILF
as special administrators for the ESTATE
OF PETER RAYMOND SCHILF,
Deceased, and PAUL SCHILF and
CYNTHIA SCHILF, individually,

Plaintiffs,

vs.

ELI LILLY AND COMPANY and
QUINTILES TRANSNATIONAL
CORPORATION,

Defendants.

Dated this 16th day of October, 2007.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: /s/ Brenda M. Ziegler
DEPUTY

4