UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PAUL SCHILF and CYNTHIA SCHILF, as special administrators for the ESTATE OF PETER RAYMOND SCHILF, Deceased, and PAUL SCHILF and CYNTHIA SCHILF, Individually, | * * * * * * | CIV. 07-4015 |
| Plaintiffs, | * * | |
| vs. | * * * | OPINION AND ORDER ON MOTION (Doc. 71) |
| ELI LILLY AND COMPANY and QUINTILES TRANSNATIONAL CORPORATION, | * * * * | |
| Defendant. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Schilfs' Motion to Compel Discovery (Doc. 71). There are three areas of dispute. The Schilfs identified the first two as "not earthshaking," but identified the third as "quite earthshaking." The Schilfs have acknowledged substantial resolution of the "quite earthshaking" dispute as a result of the briefing process.

The first category of dispute relates to plaintiffs' Interrogatories 26-28. The second category relates to clinical documents (or patient narratives) in response to Request For Production 8. The center piece of the third category is the Rule 30(b)(6) deposition of Dr. Detke and relates to documents the Schilfs perceived to have been altered by Lilly. It was the Schilfs' further perception that their efforts to uncover and prove the alterations were being frustrated by Lilly.

Lilly has objected to answering Interrogatories 26-28. Lilly asserts it has already produced the documents responsive to Request For Production 8. Lilly further asserts documents were not altered, but acknowledges there was a transcription error which repeated itself in three documents.

Lilly argues plaintiffs were not prevented from asking questions about the contents of documents, but were only prevented from discovering from Dr. Detke which documents had been selected by Lilly's counsel to use while preparing Dr. Detke for his deposition.

**Interrogatory No. 26:** What amount of money did Lilly spend on Cymbalta direct to consumer [DTC] advertising for the years 2004, 2005, 2006, and 2007 in both South Dakota, specifically, and the United States.

**RULING: DENIED.**

The amount of money spent on advertising is not relevant to a claim or defense and not likely to lead to evidence which would be admissible.

Plaintiffs suggest they need this information to establish that the "learned intermediary" defense will not be adopted in South Dakota. Defendant has furnished persuasive authority that the doctrine has already been or will be adopted in South Dakota. The state of the evidence in this case suggests that Peter Schilf's use of Cymbalta was not directly or indirectly related to Lilly's direct marketing efforts. Plaintiffs are not factually positioned to persuasively argue that Lilly's direct marketing efforts rendered the prescribing doctor less important in choosing Cymbalta for Peter Schilf to use, i.e. that the learned intermediary was not the person who selected Cymbalta.

Plaintiffs argue that "Peter Schilf consulted www.cymbalta.com within a day or so of beginning Cymbalta prescription." They connect Peter Schilf's internet consultation with evidence from Lilly's webmaster who testified that "approximately 40% of the people who access Lilly's website for Cymbalta do so in order to learn more about this drug that a doctor has *already prescribed* for them. (emphasis by Schilfs). Interrogatories 26-28, however, address the amount of money spent and the number of advertising events, not the content of the advertising.

**Interrogatory No. 27:** What amount of money did Lilly spend on Cymbalta advertising to physicians and to other health care professionals for years 2004, 2005, 2006, and 2007.

**RULING: DENIED.**

The same reasons for denying the motion to compel in regard to Interrogatory 26 apply.

**Interrogatory No. 28:** Please state how many different direct to consumer advertisements for Cymbalta have been published in print, television, and/or internet media in both South Dakota, specifically, as well as the United States as a whole, and of those, how many were published before

Peter Schilf's death?

**RULING: DENIED.**

The number of advertising events is not relevant to a claim or defense or likely to lead to evidence which is admissible.

**Request for Production No. 8:** Please produce all case specific narratives for any patients who were discontinued from any Lilly clinical trial of duloxetine (for any proposed indication) for adverse events or death.

**RULING: DENIED.**

Lilly represents that they have "actually produced patient narratives from studies *for any proposed indication* and did not, as plaintiffs state, limit its production to include only those patient narratives from studies on Major Depressive Disorder." (Doc. 81, p. 10)(emphasis Lilly's). Peter Schilf died December 24, 2004. Events which occurred after that date are not relevant to prove liability or notice. Lilly has not produced patient narratives for non-suicide or non-suicide related events. Schilf has not demonstrated why non-suicide or non-suicide related events are relevant to a claim or defense or why they would lead to discovery of evidence which is admissible.

**Dr. Detke's Deposition; Altered Documents.**

**RULING: GRANTED IN PART AND DENIED IN PART AS FOLLOWS:**

The Schilfs concede that what they originally perceived to be an alteration is actually a transcription error. That still leaves for resolution the issue about counsel's instruction to Dr. Detka not to answer questions at his deposition.

It is apparent there was a missed communication which was not the result of fault by either side. On the one hand, Lilly's counsel was trying to communicate to Schilfs' counsel that Lilly's counsel objected to Dr. Detka telling Schilfs' counsel which documents Lilly's counsel had selected for review with Dr. Detka in preparation for the deposition. Lilly's counsel was not trying to prevent Schilfs' counsel from inquiring about the contents of those documents. Those documents

had, in fact, been previously provided to Schilfs. Counsel for Lilly was permitted under Fed. Rule of Civ. P. 30(c)(2) to direct his witness not to answer a question in order to protect a privilege. The privileges he sought to protect were communications between a lawyer and client and work product. While attorney/client communications are easily recognized as privilege, the work product doctrine is not so apparently recognized as a privilege. Nonetheless the Eighth Circuit has described the work product doctrine as protecting "those documents selected and compiled in anticipation of litigation." *Peterson v. Douglas County Bank & Trust Co.,* 967 F.2d 1186, 1189 (8th Cir. 1992). Counsel was entitled to implement the work product doctrine to protect the mental impressions of counsel regarding the selection of documents counsel for Lilly discerned as material to the preparation of his witness for a deposition. Counsel for Lilly was within his rights under the Federal Rules of Civil Procedure to do what he was trying to do.

On the other hand, Schilfs' counsel reasonably understood he was being prevented from inquiring about the contents of the documents, not that he was merely being prevented from learning which documents Lilly's counsel had identified and selected as preparation materials. This was a pure, simple, and honest missed communication.

The Schilfs want Lilly to be ordered to bring Dr. Detka to South Dakota to complete his deposition before a magistrate judge at Lilly's expense, including "the reasonable travel expenses and a reasonable hourly rate for Plaintiffs' counsel to prepare for and attend this deposition." Lilly argues Schilfs' counsel had all the documents and could have asked any questions he wanted to ask about the contents of the documents when Dr. Detka was being deposed, so "there is no justification whatever to burden Lilly or Dr. Detke with another deposition."

The Schilfs are entitled to ask the questions of Dr. Detka they reasonably believed they were being foreclosed from asking. Lilly is not obligated to pay plaintiffs' travel expenses or attorneys

4

fees for another deposition when they reasonably believed they had not foreclosed Schilfs' counsel from asking questions about the content of the pertinent documents at the original deposition.

## ORDER

It is ORDERED that:

1. The parties shall reconvene the deposition of Dr. Detka for the limited purpose of posing the questions which Schilfs' counsel could have reasonably been expected to pose at the original deposition had there been no instruction to the witness not to answer.  The reconvened deposition shall be  limited to the documents about which Schilfs' counsel reasonably believed he was being prevented from addressing as a result of Lilly's instruction to the witness not to answer.   Schilfs' counsel may inquire about the contents of the documents, but shall not inquire which documents Lilly's counsel selected for deposition preparation.  The parties shall arrange a date, a time, and a place for the deposition by mutual agreement.  Failing agreement about place, the deposition shall be reconvened at the same place as the original deposition was convened.

2. The same arrangements for payment of the court reporter and other miscellaneous expenses as applied to the original deposition shall apply at the reconvened deposition.  Each party shall bear their own other expenses and attorney's fees.

3. The motion to compel (Doc. 71) is DENIED as to Interrogatories 26-28 and as to Request For Production 8.  The motion is GRANTED IN PART and DENIED IN Part as described above regarding the matters which occurred at the deposition of Dr. Detka.

Dated this 25th day of September, 2008.

BY THE COURT:

s/John E. Simko

_____

John E. Simko
United States Magistrate Judge