10-216-cv
In re: Zyprexa Products Liability Litigation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of October, two thousand and ten.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JUDITH GOVE,

> *Plaintiff-Appellant,*

> v.                                                    No. 10-216-cv

ELI LILLY & COMPANY,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Lowell W. Finson, Phillips & Associates, Phoenix, AZ. |
| **FOR DEFENDANT-APPELLEE:** | Nina M. Gussack (Andrew R. Rogoff and Eric Rothschild, *on the brief*), Pepper Hamilton LLP, Philadelphia, PA. |

1

Appeal from a December 21, 2009 judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Judith Gove appeals from a judgment of the District Court granting the motion for summary judgment of defendant-appellee Eli Lilly and Company ("Eli Lilly") in a claim for personal injury damages allegedly caused by Zyprexa, an antipsychotic medication manufactured by Eli Lilly. Gove, who suffers from bipolar disorder, was treated with Zyprexa continuously between September 1998 and the end of 1999, and again between August 2002 and May 2004. In November 2002, Gove was diagnosed with diabetes. Gove asserts that Zyprexa caused her diabetes and that she would not have been prescribed Zyprexa had Eli Lilly properly warned of the drug's dangers. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Redd v. Wright*, 597 F.3d 532, 535-36 (2d Cir. 2010).

In order to establish a claim based on a manufacturer's failure to warn under Arizona law,[1] Gove must demonstrate that Eli Lilly's inadequate warning regarding the risks associated with Zyprexa was the proximate cause of her injury. *Southwest Pet Prods., Inc. v. Koch Indus., Inc.*, 273 F. Supp. 2d 1041, 1062 (D. Ariz. 2003) (concluding that summary judgment in defendant's favor was warranted where plaintiff "failed to demonstrate that any failure to warn was a proximate cause of [the alleged] injury."). Moreover, Arizona law recognizes the "learned intermediary" exception in failure-to-warn cases: "the manufacturer's duty to warn is ordinarily satisfied if a proper warning is given to the specialized class of people that may prescribe or administer the product." *Piper v. Bear Med. Sys., Inc.*, 180 Ariz. 170, 178 n3. (Ariz. Ct. App. 1993). Arizona applies a "heeding presumption" in failure-to-warn cases that "reduces" the plaintiff's "burden of proving that the

---

[1] It is undisputed that Arizona's substantive law and statute of limitations rules govern this action, which was filed in and which arises from events occurring almost exclusively in Arizona and was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation. *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). The District Court concluded that Gove's claim was time-barred pursuant to Arizona's two-year statute of limitations for product liability and personal injury actions. *In re: Zyprexa Prods. Liab. Litig.*, Nos. 04-MD-1596, 06-CV-2792, 2009 WL 5062109, at *14 (E.D.N.Y. December 10, 2009). Because we agree with the District Court that Gove fails to establish that Eli Lilly's failure to warn was the proximate cause of her injuries, *id.*, we need not decide whether the District Court erred with respect to the application of Arizona's statute of limitations.

manufacturer's failure to issue an adequate warning proximately caused the injury at issue" by "shift[ing] the burden of production to the manufacturer." *Golonka v. Gen. Motors Corp.*, 204 Ariz. 505, 580 (Ariz. Ct. App. 2003). If the manufacturer meets its burden "by introducing evidence that would permit reasonable minds to conclude that" an adequate warning would not have changed the treatment decision, "the presumption is destroyed" and the plaintiff must produce affirmative evidence that the allegedly inadequate warning proximate caused his or her injury. *Id.* at 590-91. As a result, where the presumption is destroyed summary judgment is warranted under the learned intermediary doctrine unless the plaintiff can demonstrate "that had a proper warning been given," the prescribing practitioner would have acted differently—i.e., that the plaintiff "would not have used the product in the manner which resulted in his injury." *Dole Food Co. v. N.C. Foam Indus.*, 188 Ariz. 298, 305 (Ariz. Ct. App. 1996).

After *de novo* review, we hold, for substantially the reasons stated in the well-reasoned opinion of the District Court, *In re: Zyprexa Prods. Liab. Litig.*, 2009 WL 5062109, at *14-16, that there is no evidence that Gove's treating practitioners would have altered their decision to prescribe Zyprexa had a different warning been provided by Eli Lilly. Indeed, Nurse Practitioner Tharalson stated explicitly that alternative warnings about Zyprexa would have had no effect on her prescribing habits. Grunfeld Decl. Ex. 12 at 49 (objections of counsel omitted). This evidence satisfied Eli Lilly's burden of production and destroys any heeding presumption. Because Gove's practitioners were aware of the risks associated with Zyprexa but would not have made different clinical treatment decisions had alternative warnings been provided, Gove has failed to establish that Eli Lilly's allegedly inadequate warnings regarding the potential risks associated with Zyprexa were the proximate cause of her diabetic condition.

## CONCLUSION

We have considered each of Gove's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

09-4455-cv
In re: Zyprexa Products Liability Litigation

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of October, two thousand and ten.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JAMES R. HEAD,

> *Plaintiff-Appellant,*

> v.                                              No. 09-4455-cv

ELI LILLY & COMPANY,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Lowell W. Finson, Phillips & Associates, Phoenix, AZ. |
| **FOR DEFENDANT-APPELLEE:** | Nina M. Gussack (Andrew R. Rogoff and Eric Rothschild, *on the brief*), Pepper Hamilton LLP, Philadelphia, PA. |

1

Appeal from a September 23, 2009 judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant James R. Head appeals from a judgment of the District Court granting the motion for summary judgment of defendant-appellee Eli Lilly and Company ("Eli Lilly") in a claim for personal injury damages allegedly caused by Zyprexa, an antipsychotic medication manufactured by Eli Lilly. Head, who suffers from bipolar disorder, was treated with Zyprexa consistently between October 1997 and mid-2003. After a brief hiatus, Head resumed treatment with Zyprexa in July 2004 and continued treatment until shortly after he was diagnosed with diabetes in November 2005. Head asserts that Zyprexa caused his diabetes and that he would not have been prescribed Zyprexa had Eli Lilly properly warned of the drug's dangers. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Redd v. Wright*, 597 F.3d 532, 535-36 (2d Cir. 2010).

In order to establish a claim based on a manufacturer's failure to warn under Arizona law,[1] Head must demonstrate that Eli Lilly's failure to warn of the potential risks associated with Zyprexa was the proximate cause of his injury. *Southwest Pet Prods., Inc. v. Koch Indus., Inc.*, 273 F. Supp. 2d 1041, 1062 (D. Ariz. 2003) (concluding that summary judgment in defendant's favor was warranted where plaintiff "failed to demonstrate that any failure to warn was a proximate cause of [its] injury."). Moreover, Arizona law recognizes the "learned intermediary" exception in failure-to-warn cases: "the manufacturer's duty to warn is ordinarily satisfied if a proper warning is given to the specialized class of people that may prescribe or administer the product." *Piper v. Bear Med. Sys., Inc.*, 180 Ariz. 170, 178 n3. (Ariz. Ct. App. 1993). Arizona applies a "heeding presumption" in failure-to-warn cases that "reduces" the plaintiff's "burden of proving that the manufacturer's failure to issue an adequate warning proximately caused the injury at issue" by "shift[ing] the burden of production

---

[1] It is undisputed that Arizona's substantive law and statute of limitations rules govern this action, which was filed in and which arises from events occurring almost exclusively in Arizona and was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation. *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).

2

to the manufacturer." *Golonka v. Gen. Motors Corp.*, 204 Ariz. 505, 580 (Ariz. Ct. App. 2003). If the manufacturer meets its burden "by introducing evidence that would permit reasonable minds to conclude that" an adequate warning would not have changed the treatment decision, "the presumption is destroyed" and the plaintiff must produce affirmative evidence that the allegedly inadequate warning proximate caused his or her injury. *Id.* at 590-91. As a result, where the presumption is destroyed summary judgment is warranted under the learned intermediary doctrine unless the plaintiff can demonstrate "that had a proper warning been given," the prescribing physician would have acted differently—*i.e.*, that the plaintiff "would not have used the product in the manner which resulted in his injury." *Dole Food Co. v. N.C. Foam Indus.*, 188 Ariz. 298, 305 (Ariz. Ct. App. 1996).

After *de novo* review, we conclude that summary judgment was properly granted to Eli Lilly. In light of the fact that Zyprexa—in contrast to other medications—effectively controlled the symptoms of Head's serious psychiatric conditions, and that one of Head's doctors prescribed Zyprexa with knowledge that the drug carried metabolic risks, Eli Lilly has met its burden of production under Arizona law. In addition, as the District Court determined, Head lacks any evidence that his treating psychiatrists would have altered their decision to prescribe Zyprexa had a different warning been provided by Eli Lilly. Accordingly, Head has failed to establish that Eli Lilly's allegedly inadequate warnings regarding the potential risks associated with Zyprexa were the proximate cause of his diabetic condition.

## CONCLUSION

We have considered each of Head's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

3

09-4454-cv
In re: Zyprexa Products Liability Litigation

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of October, two thousand and ten.

PRESENT:

JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
CHESTER J. STRAUB,
          *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ERNESTINE MISOURIA,

          *Plaintiff -Appellant,*

          v.                                              No. 09-4454-cv

ELI LILLY & COMPANY,

          *Defendant-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Lowell W. Finson, Phillips & Associates, Phoenix, AZ. |
| **FOR DEFENDANT-APPELLEE:** | Nina M. Gussack (Andrew R. Rogoff and Eric Rothschild, *on the brief*), Pepper Hamilton LLP, Philadelphia, PA. |

1

Appeal from a September 22, 2009 judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Ernestine Misouria appeals from a judgment of the District Court granting the motion for summary judgment of defendant-appellee Eli Lilly and Company ("Eli Lilly") in a claim for personal injury damages allegedly caused by Zyprexa, an antipsychotic medication manufactured by Eli Lilly. Misouria, who suffers from schizophrenia, was prescribed Zyprexa consistently between 1998 and 2005. In May 2005, Misouria was diagnosed with diabetes. Misouria asserts that Zyprexa caused her diabetes and that she would not have been prescribed Zyprexa had Eli Lilly properly warned of the drug's dangers. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Redd v. Wright*, 597 F.3d 532, 535-36 (2d Cir. 2010).

In order to establish a claim based on a manufacturer's failure to warn under California law,[1] Misouria must demonstrate that, among other things, the "inadequacy of [Eli Lilly's] warnings was the proximate cause of [her] injury." *Plummer v. Lederle Labs., Div. of Am. Cyanamid Co.*, 819 F.2d 349, 358 (2d Cir. 1987) (applying California state law); *see also Carlin v. Superior Court of Sutter Cty.*, 920 P.2d 1347, 1353-54 (Cal. 1996). Moreover, California law recognizes the "learned intermediary" exception in failure-to-warn cases: "if adequate warning of potential dangers of a drug has been given to doctors, there is no duty by the drug manufacturer to insure that the warning reaches the doctor's patient for whom the drug is prescribed." *Carlin*, 920 P.2d at 1354. As a result, summary judgment is warranted under the learned intermediary doctrine unless the plaintiff can demonstrate

---

[1] It is undisputed that California's substantive law and statute of limitations rules govern this action, which was filed in and which arises from events occurring in California and was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation. *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).

1   that the prescribing physician "would have acted differently had . . . an adequate warning" been
2   provided. *Motus v. Pfizer, Inc.*, 196 F. Supp. 2d 984, 999 (C.D. Cal. 2001).
3
4        After *de novo* review, we hold, substantially for the reasons stated in the well-reasoned
5   opinion of the District Court, *In re: Zyprexa Prods. Liab. Litig.*, Nos. 04-MD-1596, 06-CV-2782, 2009
6   WL 1851999, at *14 (E.D.N.Y. June 24, 2009), that there is "no evidence" that Misouria's treating
7   psychiatrists would have altered their decision to prescribe Zyprexa had a different warning been
8   provided by Eli Lilly.  Indeed, with respect to Dr. Muñoz, who prescribed Zyprexa to Misouria
9   continuously between 2003 and 2005, the record reveals that not only was her prescribing physician
10  aware of the link between Zyprexa and diabetes, but that notwithstanding that knowledge he
11  continues to prescribe Zyprexa to patients in similar positions to Misouria today. *Id.* at *12.
12  Misouria has therefore failed to establish that Eli Lilly's allegedly inadequate warnings regarding the
13  risks associated with Zyprexa were the proximate cause of her diabetic condition.
14
15                                   **CONCLUSION**
16
17       We have considered each of Misouria's arguments on appeal and find them to be without
18  merit.  For the reasons stated above, we **AFFIRM** the judgment of the District Court.
19
20
21                              FOR THE COURT,
22
23                              Catherine O'Hagan Wolfe, Clerk of Court
24
25

09-4441-cv
In re: Zyprexa Products Liability Litigation

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of October, two thousand and ten.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MILTON NEAL,

> *Plaintiff-Appellant,*

> v.

ELI LILLY & COMPANY,

> *Defendant-Appellee.*

No. 09-4441-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Lowell W. Finson, Phillips & Associates, Phoenix, AZ. |
| **FOR DEFENDANT-APPELLEE:** | Nina M. Gussack (Andrew R. Rogoff and Eric Rothschild, *on the brief*), Pepper Hamilton LLP, Philadelphia, PA. |

1

Appeal from a September 22, 2009 judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Milton Neal appeals from a judgment of the District Court granting the motion for summary judgment of defendant-appellee Eli Lilly and Company ("Eli Lilly") in a claim for personal injury damages allegedly caused by Zyprexa, an antipsychotic medication manufactured by Eli Lilly. Neal, who suffers from chronic paranoid schizophrenia, was prescribed Zyprexa consistently between 2003 and 2006. In December 2005, Neal was diagnosed with Type II diabetes and diabetic ketoacidosis. Neal asserts that Zyprexa caused his diabetes and that he would not have been prescribed Zyprexa had Eli Lilly properly warned of the drug's dangers. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Redd v. Wright*, 597 F.3d 532, 535-36 (2d Cir. 2010).

In order to establish a claim based on a manufacturer's failure to warn under California law,[1] Neal must demonstrate that, among other things, the "inadequacy of [Eli Lilly's] warnings was the proximate cause of his injury." *Plummer v. Lederle Labs., Div. of Am. Cyanamid Co.*, 819 F.2d 349, 358 (2d Cir. 1987) (applying California state law); *see also Carlin v. Superior Court of Sutter Cty.*, 920 P.2d 1347, 1353-54 (Cal. 1996). Moreover, California law recognizes the "learned intermediary" exception in failure-to-warn cases: "if adequate warning of potential dangers of a drug has been given to doctors, there is no duty by the drug manufacturer to insure that the warning reaches the doctor's patient for whom the drug is prescribed." *Carlin*, 920 P.2d at 1354. As a result, summary judgment is warranted under the learned intermediary doctrine unless the plaintiff can demonstrate that the prescribing physician "would have acted differently had . . . an adequate warning" been provided. *Motus v. Pfizer, Inc.*, 196 F. Supp. 2d 984, 999 (C.D. Cal. 2001).

---

[1] It is undisputed that California's substantive law and statute of limitations rules govern this action, which was filed in and which arises from events occurring in California and was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation. *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).

2

After *de novo* review, we hold, for substantially the reasons stated in the well-reasoned opinion of the District Court, *In re: Zyprexa Prods. Liab. Litig.*, Nos. 04-MD-1596, 06-CV-2782, 2009 WL 1852001, at *14 (E.D.N.Y. June 22, 2009), that "there is no evidence that any of [Neal's] treating psychiatrists would have altered their decision to prescribe Zyprexa to [him] had a different warning been provided by [Eli] Lilly." Neal has therefore failed to establish that Eli Lilly's allegedly inadequate warnings regarding the potential risks associated with Zyprexa were the proximate cause of his diabetic condition.

## CONCLUSION

We have considered each of Neal's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

3