


UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PAUL SCHILF and CYNTHIA SCHILF, as special administrators for the ESTATE OF PETER RAYMOND SCHILF, Deceased, and PAUL SCHILF and CYNTHIA SCHILF, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY and QUINTILES TRANSNATIONAL CORPORATION,<br><br>Defendants. | CIV 07-4015<br><br>ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After this Court issued its Memorandum Opinion and Order Granting Summary Judgment and the corresponding Judgment in the above-entitled action, Plaintiffs filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 281.) Defendants have filed a response opposing the motion, doc. 283, and Plaintiffs have filed a reply, doc. 284. The Court has reviewed the relevant documents.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.[1] *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* Plaintiffs' Rule 59(e) motion in this case is based on two assertions: 1) that the Court misunderstood the facts; and 2) that a reasonable jury could find that Lilly committed deceit by suppressing information of completed suicides during the Cymbalta clinical trials.

---

[1] Newly discovered evidence is not an issue in this pending motion.

Beginning with Plaintiffs' argument that the Court misunderstood the facts, the Court found that Dr. Briggs had knowledge of the risk of suicide when he prescribed Cymbalta to Peter Schilf. The Court also found that Dr. Briggs' testimony revealed he still believes Cymbalta was appropriate for Peter Schilf, and a different warning would not have changed his actions. Plaintiffs' arguments do not persuade the Court that it was mistaken. Based on the undisputed facts, the learned intermediary doctrine prevents Plaintiffs from proving that Lilly's failure to warn proximately caused the injury in this case.

Plaintiffs' argument regarding the deceit claim also fails to persuade the Court to alter or amend the Judgment. First of all, Plaintiffs call it a deceit claim but it is based on Lilly's alleged failure to warn of the risks of Cymbalta. The deceit claim is no different from and is subsumed by Plaintiffs' failure to warn claim. Moreover, even if the deceit claim is considered a separate and distinct cause of action, the learned intermediary doctrine prevents Plaintiffs from proving that the alleged deception proximately cause the injury in this case because Plaintiffs failed to produce evidence that Dr. Briggs relied on any alleged deception by Lilly. In other words, Plaintiffs failed to present evidence of causation. Finally, the Cymbalta package insert disclosed that suicides occurred in the clinical trials of Cymbalta. Thus Plaintiffs failed to raise a genuine issue of material fact on their deceit claim. Accordingly,

IT IS ORDERED that Plaintiffs' motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, doc. 281, is denied.

Dated this 22nd day of April, 2011,

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Deb Peterson
DEPUTY

2